**SO ORDERED.**

**SIGNED this 16th day of October, 2012.**



_____
US BANKRUPTCY JUDGE

_____

```
               UNITED STATES BANKRUPTCY COURT
              MIDDLE DISTRICT OF NORTH CAROLINA
                     GREENSBORO DIVISION


    In re:                          )
                                    )
    Melinda Smith Fornes,           )
                                    )    Case No. 12-10451
            Debtor.                 )    Chapter 13
    _____)
                                    )
    In re:                          )
                                    )
    Tori Lynette McBride,           )    Case No. 12-10541
                                    )    Chapter 13
            Debtor.                 )
    _____)
                                    )
    In re:                          )
                                    )
    James Dorse Williams and        )    Case No. 12-10617
    Afrances W. Williams,           )    Chapter 13
                                    )
            Debtors.                )
    _____)
                                    )
    In re:                          )
                                    )
    Cherra A. Timberlake-Blount,    )    Case No. 12-10634
                                    )    Chapter 13
            Debtor.                 )
    _____)
```

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 12-10653 |
| Jennifer Paige Johnson, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| In re: | ) | |
| | ) | |
| Riley Wallace Sweatt, Jr. | ) | Case No. 12-10666 |
| | ) | Chapter 13 |
| Debtor. | ) | |
| In re: | ) | |
| | ) | |
| James Edward Whitlatch and | ) | Case No. 12-10733 |
| Sharon Mae Whitlatch, | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | |
| In re: | ) | |
| | ) | |
| Roy William Greeson, Jr., | ) | Case No. 12-10740 |
| | ) | Chapter 13 |
| Debtor. | ) | |
| In re: | ) | |
| | ) | |
| Joshua Daniel Hicks, | ) | Case No. 12-10761 |
| | ) | Chapter 13 |
| Debtor. | ) | |
| In re: | ) | |
| | ) | |
| Patricia Gray Sanders, | ) | Case No. 12-10767 |
| | ) | Chapter 13 |
| Debtor. | ) | |
| In re: | ) | |
| | ) | |
| Ronny Lee Harvey and | ) | Case No. 12-10770 |
| Bettina Ladon Harvey, | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | |

```
_____)
                              )
In re:                        )
                              )
Evelyn Renea Jones,           )    Case No. 12-10774
                              )    Chapter 13
        Debtor.               )
_____)
                              )
In re:                        )
                              )
Lucius Cecil Shaw,            )    Case No. 12-10851
                              )    Chapter 13
        Debtor.               )
_____)
                              )
In re:                        )
                              )
Monique Hurdle,               )    Case No. 12-10881
                              )    Chapter 13
        Debtor.               )
_____)
                              )
In re:                        )
                              )
Sherice Dunn Love,            )    Case No. 12-10946
                              )    Chapter 13
_____)
                              )
In re:                        )
                              )
Larry Edgar Cox,              )    Case No. 12-10969
                              )    Chapter 13
        Debtor.               )
_____)
```

## OPINION AND ORDER

At issue in these cases is the effect of a "no money down" arrangement between the Debtors and their attorneys under Chapter 13 of the Bankruptcy Code. In each of these cases, the Debtors entered into a fee arrangement with the Orcutt firm in which the Debtor paid nothing "up front" to file a Chapter 13

bankruptcy petition, and the attorney agreed to pay certain prepetition fees, including the bankruptcy filing fee, when the case was filed.  Under this arrangement, the filing fee and other fees would be repaid through the Chapter 13 plan, along with the standard $3,500 flat rate attorney fee in this District.  Based on this arrangement, the United States Bankruptcy Administrator (the "Bankruptcy Administrator") and the Standing Chapter 13 Trustee (the "Trustee") filed objections to confirmation of the proposed plan in each case.

The court held confirmation hearings in each of these cases, at which time the court confirmed each plan, preserving the issues raised by the Bankruptcy Administrator's and Trustee's objections and taking such issues under advisement.  The relevant facts of each case are similar or identical; therefore, the court will address all of these cases together in this consolidated opinion and order which will be entered in each case.

The issues raised in these cases were fully addressed by Judge Thomas W. Waldrep, Jr. in a memorandum opinion entered in <u>In re Mary Antonia Marotta</u>, Case No. 12-10409.  This court hereby adopts the findings, conclusions and reasoning contained in the memorandum opinion in the <u>Marrota</u> case.  Based upon such findings, conclusions and reasoning, this court  concludes that the Orcutt's firm's "no money down" arrangement with potential debtor clients involves the advancement of various fees that constitutes a prepetition loan.  As such, each advance creates a prepetition, unsecured claim by the

Orcutt firm against its client.  Such claims are not recoverable by the Orcutt firm as administrative expenses under section 330(a)(4)(B) and section 503(b)(2), nor are they recoverable as administrative expenses under section 503(b)(1)(A).  Classifying such an unsecured claim as a section 503 administrative expense violates section 1322(a)(3).  Accordingly, the objections of the United States Bankruptcy Administrator and the Standing Trustee should be sustained.  However, because the plan of reorganization in each case already has been confirmed and because the Orcutt firm has waived any claim to recover the fees that were advanced, no further relief need be granted.

    IT IS SO ORDERED.

                    END OF DOCUMENT